[Circuit Court of Cuyahoga County].

D. W. DELLENBARGER V. C. F. HUNGER AND C. E. DELLENBARGER.

Decided, May 25, 1903.

*Construction of Section 5326 as Amended—Remedial Statutes—Pending Actions—Time for Entering Judgment.*

1. The amendment to Section 5326, adopted May 2, 1902, is strictly a remedial measure.
2. Under the provisions of Section 79, R. S., this amendment does not apply to pending actions, and there is no prejudice to the defeated party where, subsequent to the entering of judgment immediately after the return of the verdict, a motion for a new trial was filed which was heard by the court

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the Court of Common Pleas.

May 2, 1902, the Legislature amended Section 5326 of the Revised Statutes, to read as follows:

"That when a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court order the case to be reserved for future argument or consideration *immediately after the time allowed by law for the filing of a motion for a new trial, if such motion has not been filed; if a motion for a new trial has been filed then such judgment shall be entered only when the court has sustained such verdict by the overruling of such motion for a new trial and shall upon such overruling of said motion be then immediately entered.*"

The amendment consisted in adding the words in italics.

Under the old law the Supreme Court has held that the clerk might enter judgment on a verdict before the time for filing a motion for a new trial had elapsed.

*Young* v. *Shallenberger,* 53 O. S., 291.

May 9, 1902, a jury in the common pleas court rendered a general verdict in favor of C. F. Hunger and against D. W. Dellen-

barger and C. E. Dellenbarger in a suit which had been pending in said court since 1900.

On the same day judgment was entered on the verdict.

May 10, 1902, D. W. Dellenbarger filed his motion for a new trial.

July 11, 1902, the motion for a new trial was overruled.

December 22, 1902, D. W. Dellenbarger filed his motion to vacate and set aside said judgment because of mistake of the clerk and irregularity in the proceedings of the court. The mistake and irregularity alleged is the entering of the judgment immediately after the rendition of the verdict and before the overruling of the motion for a new trial.

January 20, 1903, the motion to vacate and set aside the judgment was overruled, and to reverse this ruling petition in error was filed in this court.

The only question involved in this case is whether the old statute applies or the new one. The clerk entered up the judgment in accordance with the old statute, and he made no mistake and there was no irregularity if the old statute applies. But the Legislature, seven days before the verdict was rendered, amended the statute, and if the amended law is to be applied to this case the entry of judgment was premature and the trial court should have vacated the judgment and first heard the motion for a new trial.

The act of May 2, 1902, provided that it should take effect and be in force from and after its passage. It is strictly a remedial statute; that is, it affects the remedy only and not the cause of action. It changes the procedure in court and does not affect the rights of the parties; it regulates the action of the court and its officers in determining the rights of the parties.

The action was pending between the parties for nearly two years before the statute was amended. Such contingency is provided for in Section 79, R. S. O., the first part of which reads as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner effect (affect) pending actions, prosecutions, or proceedings, civil or criminal, and when the re-

peal or amendment relates to the remedy, it shall not effect (affect) pending actions, prosecutions, or proceedings, unless so expressed."

It not being expressed in the act of May 2, 1902, (95 O. L., 351), regulating the time of entering judgment on a verdict, that said act shall apply to pending actions, prosecutions and proceedings, it does not apply to actions pending at the time of its passage. In such pending actions judgment should be entered according to the old law; in actions begun since the passage of the amendment, judgment should be entered according to the new law.

The case at bar was a pending action within the meaning of Section 79, R. S. O., at the time of the passage of the amendment of May 2, 1902, and we find no error in the overruling of the motion to vacate and set aside the judgment.

It does not appear that the plaintiff was in any manner prejudiced or deprived of any rights by the premature rendition of judgment on the verdict. He filed his motion for a new trial and the court heard it. If the court had refused to hear the motion for a new trial; or if, hearing and granting it, the court had refused to set aside the judgment, there would have been such error as to entitle plaintiff in error to relief in this court.

The judgment is affirmed.

*M. J. Beckley* and *T. H. Johnson,* for plaintiff in error.

*Frank Higley* and *Treadway & Marlatt,* for defendants in error.